# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

RONALD EARLE RUSHIN,[1]

       Plaintiff,

   v.

DR. POLK; SGT. MCKINION; and
COUNSELOR GRAHAM,

       Defendants.

CIVIL ACTION NO.: 5:17-cv-145

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at August State Medical Prison in Grovetown, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain events that occurred while he was housed at Coffee Correctional Facility in Nicholls, Georgia.  (Doc. 1.) For the reasons that follow, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*.  (Doc. 2, 11.)  Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S ALLEGATIONS

Plaintiff states that Defendants purposely endangered him by placing him, "a 55-year old c[h]ronic care patient" in a dorm with Blood gang members.  (Doc. 1, p. 5.)  Plaintiff states that

---

[1] A review of Plaintiff's case history indicates that he frequently files under the alias, "Ronald Ash."  The Georgia Department of Corrections prisoner identification number for "Ronald Ash" is identical to the one provided by Plaintiff in this case.  Accordingly, the Court **DIRECTS** the Clerk of Court to also include Plaintiff's alias, Ronald Ash, upon the docket and record of this case as "aka Ronald Ash".  The Court advises Plaintiff that the three-strikes provision of 28 U.S.C. § 1915(g) applies regardless of the name he provides this Court.

this is particularly perilous because he "reported drug trafficking to federal courts" and other "unlawful drug activity." (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

## I.    Dismissal Pursuant to Section 1915(g)

Plaintiff clearly qualifies as a "three-striker" under the 28 U.S.C. § 1915(g) of the Prison

Litigation Reform Act.  28 U.S.C. § 1915(g).  This provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Furthermore, dismissals for providing false filing-history information and

failing to comply with court orders both fall under the category of "abuse of the judicial

process," which the Eleventh Circuit Court of Appeals has held to be a "strike-worthy" form of

dismissal under § 1915(g).  See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v.

Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with

court orders as "abuse of the judicial process").   Section 1915(g) "requires frequent filer

prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and

appeals."  Rivera, 144 F.3d at 731.  Therefore, the proper procedure for a district court faced

with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is

to dismiss the complaint without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir.

2002).  The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera.  In so

doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to

the courts, to due process of law, or to equal protection, or the doctrine of separation of powers.

Rivera, 144 F.3d at 721–27.

A review of Plaintiff's prolific filing history reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g). A non-exhaustive list of these cases includes:

1) <u>Rushin v. Scarborough</u>, No. 1:10-cv-100 (M.D. Ga. Sep. 30, 2010) (dismissing Plaintiff's case for failure to follow court order);

2) <u>Rushin v. Vidden</u>, No. 1:10-cv-2391 (N.D. Ga. Sep. 2, 2010) (dismissing Plaintiff's case for failure to state a claim and as frivolous);

3) <u>Rushin v. Obriens</u>, No. 1:10-cv-2106 (N.D. Ga. July 29, 2010) (dismissing Plaintiff's case for failure to state a claim and as frivolous);

4) <u>Ash v. Adamson</u>, No. 4:10-cv-55 (M.D. Ga. June 30, 2010) (dismissing Plaintiff's case for failure to state a claim and as frivolous); and

5) <u>Rushin v. Freeman</u>, No. 1:05-cv-1699 (N.D. Ga. Aug. 16, 2005) (dismissing Plaintiff's case for failure to state a claim and as frivolous).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" <u>Odum v. Bryan Cty. Judicial Circuit</u>, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting <u>Skillern v. Jackson</u>, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing <u>Brown v. Johnson</u>, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot

invoke the Section 1915(g) exception.  <u>Margiotti v. Nichols</u>, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006).  "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'"  <u>Ball v. Allen</u>, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing <u>Muhammad v. McDonough</u>, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff makes no allegations in his Complaint about being in imminent danger of serious physical injury, much less any facts supporting such an allegation.  Although Plaintiff states that he is worried about being housed in the same dorm as Blood gang members, he fails to provide any specific facts as to whether threats have been made or whether he is, in fact, afraid of any attack.  Instead, Plaintiff states that he is attempting to file this case before prison officials can "get started with their b/s" rather than out of any fear of direct harm.  (Doc. 1, p. 3.) Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case, and the Court should **DISMISS** this case.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or

_____

[2]  A certificate of appealability is not required in this Section 1983 action.

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker", Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 11.) Additionally, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA